PER CURIAM:
Writ granted. The district court and lower appellate court's rulings regarding the state's procedural objection are vacated because materials included in the application for post-conviction relief show that the state did not withhold the initial incident report from Mr. Holmes or his trial counsel. Therefore, the application was not timely filed in the district court, and Mr. Holmes fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8 ; State ex rel. Glover v. State , 93-2330 (La. 9/5/95), 660 So.2d 1189.
Mr. Holmes has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. His claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, he has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
JOHNSON, C.J., would deny.
HUGHES, J., would deny.
GENOVESE, J., would deny.